**Date signed July 12, 2004**



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Greenbelt

| | | |
|---|---|---|
| In Re: | * | |
| MARJORIE JOAN WRUBLIK | * | Case No.   04-14699PM |
| a/k/a/ M. JOAN WRUBLIK | * | Chapter   13 |
| a/k/a JOAN WRUBLIK | * | |
| Debtor | * | |
| ************************************ | * | |
| MARJORIE JOAN WRUBLIK | * | |
| | * | |
| | * | |
| Plaintiff | * | |
| vs. | * | Adversary   04-1527PM |
| MARTIN SCOTT WRUBLIK | * | |
| | * | |
| | * | |
| Defendants | * | |

## MEMORANDUM OF DECISION

Plaintiff filed a Motion for Reconsideration of the Court's Order of June 18, 2004 dismissing her complaint that sought, pursuant to 11 U.S.C. § 363(h) to sell both her interest in property, along with the interest of a co-owner. The court will deny the Motion.

### I.  Facts

Marjorie Joan Wrublik ("Plaintiff" or "Debtor") filed a bankruptcy case under chapter 13 of the Bankruptcy Code on February 27, 2004. She listed ownership as a tenant in common of a parcel of

commercial real property located at 12212 Clarksville Pike, Clarksville, Maryland (the "Property"). G&G, LLC ("G&G") holds a claim in excess of $760,000 that is secured by the Property. On June 18, 2004 G&G was granted relief from the stay to proceed with foreclosure upon the Property after September 1, 2004. Debtor's response to the Motion for relief from the stay spoke of receipt of an offer of $975,000 for the property, but the court found that without the cooperation of the co-owner, Debtor would be unable to sell the property.

This Complaint seeks the sale of both her one-half interest, and the half interest of her son and co-owner, Martin Scott Wrublik ("Defendant"), in the Property pursuant to 11 U.S.C. § 363(h) and (f). Debtor asserts that a proposed sale price of $975,000 is an amount sufficient to pay off all claims against the estate and all liens upon the property. Debtor's son filed a response stating that he does not consent to the sale of the Property and believes the proposed sale was "not made in good faith and without collusion."

## II. Discussion

Debtor argues that she may sell pursuant to § 363(h) of the Bankruptcy Code the property held by her and her son over her son's objection. Section 363(h) provides:

**11 U.S.C. § 363. Use, sale, or lease of property**

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if –
    (1) partition in kind of such property among the estate and such co-owners is impracticable;
    (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
    (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
    (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

Specifically, she urges in paragraph 28 of her Complaint: "Standing is proper because Subsection (b) of 11 U.S.C. § 363 is specifically included in 11 U.S.C. § 1303.  The debtor has the power of a trustee under 11 U.S.C. § 363(b) which is incorporated into 11 U.S.C. § 363(h)."  At least four courts have stated that a debtor may sell property free of the interests of a co-owner pursuant to § 363(h).  *See In re Belyea*, 253 B.R. 312, 314 (B.C. N.H. 1999); *In re Rishel*, 166 B.R. 276, 278  (B.C. W.D. Pa. 1994); *In re Janoff*, 54 B.R. 741, 742 (B.C. N.J. 1985); *In re Yakubesin*, 83 B.R. 462, 466-68 (B.C. S.D. Ohio 1988).  *Belyea* and *Rishel* are based on a theory of incorporation holding that § 363(h) is included within § 1303 by virtue of § 363(b).  In *Janoff* the court denied the debtor's motion for summary judgment but stated in dicta, relying on the Senate Report that is discussed later in this opinion, that the debtor was empowered under § 363(h) to sell property including the interest of a co-owner.  *Yakubesin* states no basis for its conclusion that a chapter 13 debtor can use § 363(h).

> This court respectfully disagrees with its colleagues.[1]  This analysis begins with 11 U.S.C. § 1303.
>
> **11 U.S.C. § 1303.  Rights and powers of debtor**
>
> Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l), of this title.

This section of the Bankruptcy Code endows the chapter 13 debtor with the following powers of a trustee:

> (b) the power to use, sell or lease, other than in the ordinary course of business, property
>
> of the estate;

---

[1] In the case of *In re Lowery*, 203 B.R. 587, 589 (B.C. MD. 1996), Judge Keir of this court had before him the complaint of the debtor's former spouse who sought to use § 363(h) as a means to compel the sale of property held as tenants in common following their post-petition divorce.  In denying the relief, Judge Keir observed, relying upon *Rishel, Janoff* and *Yakubesin*, that a chapter 13 debtor <u>may</u> have this trustee power.  While this Judge disagrees with that observation, as pointed out in *Lowery*, nothing prevents the debtor, or the co-owner after obtaining relief from the automatic stay, from going into state court and seeking a sale in lieu of partition under 11 U.S.C. § 363(b)(1).

3

>  (d) the power to use, sell or lease property under subsection (b) or (c) of § 363 in a way not inconsistent with relief granted a creditor pursuant to 11 U.S.C. § 362(c), (d), (e) or(f);
>
>  (f) the power to sell property of the estate in and out of the ordinary course of business free and clear of liens if certain conditions are met;
>
>  (l) the power to use, sell or lease property notwithstanding provisions provided by contract or law conditioned on insolvency or financial condition of the debtor, or the commencement of a bankruptcy case.

Subsection (e) allows parties having an interest in the property that is sought to be used, sold, or leased by the chapter 13 debtor to prohibit or condition the use, sale or lease, or obtain adequate protection of their interests.

Notably absent from this list of endowed powers is that of § 363(h) as well as the avoiding powers of a trustee. This court cannot agree that by some process of chemical osmosis of incorporation within § 363(b) that the § 363(h) power appears in § 1303. Nor can the court find that Congress intended any such result. That intent can be traced by comparing the provisions concerning proposed § 1303 in the House and Senate Reports that accompanied the Bankruptcy Reform Act of 1978.

House Report:

> This section gives the debtor the same rights and powers of a trustee under sections 363(b), (d), (e) and (f), relating to use, sale, or lease of property other than in the ordinary course of business. These rights and powers are given exclusively to the debtor, and may not be exercised by the trustee.

HR Rep. No. 595, 95th Cong., 1st Sess. 427 (1977).

Senate Report:

> A chapter 13 debtor is vested with the identical rights and powers, and is subject to the same limitations in regard to their exercise, as those given a liquidation trustee by virtue

of section 363(b), (d), (e), (f), and (h) of title 11, relating to the sale, use or lease of property.

S. Rep. No. 989, 95th Cong., 2d Sess. 140 (1978).

The current formulations resulted from a compromise between the House and Senate versions. For an interesting description of the final moments of the process see generally Kenneth N. Klee, *Legislative History of the New Bankruptcy* Law, *in App. B Collier on Bankruptcy* Pt. 4(b) (15th ed. rev. 2004).

Next, resolution of the meaning of a statute begins with the language of the statute itself. *Landreth Timber Co. v. Landreth.* 471 U.S. 681, 685 (1985). The language of § 1303 is plain and unambiguous. The interpretation of § 1303 is governed by the legal maxim, *Expressio unius est exclusio alterius*, or, as it is otherwise worded, *expressum facit cessare tacitum*. That is, the express mention of one thing implies the exclusion of another. Herbert Broom, *A Selection of Legal Maxims* 650-68, (8th Am. from the 5th London ed., T. & J. W. Johnson & Co. 1882) (1845); *see also Tucker v. Alexandroff*, 183 U.S. 424, 436 (1902); *U.S. v. Sweeny,* 157 U.S. 281, 286 (1895).

Accordingly, the powerful negative inference of § 1303 is that § 363(h) is not one of the included sections under which a chapter 13 debtor is granted the rights and powers of a trustee. Had Congress wished to allow a debtor to be able to sell the property of a spouse or other co-owner, without the consent of that spouse or co-owner, it would have said so by adopting the Senate Version and including § 363(h) within the specific powers granted to a chapter 13 debtor.

### III.  Conclusion

Absent either the cooperation of the co-owner or a court order pursuant to § 363(h) that

5

would bind the co-owner to the sale, the fee interest in the premises cannot be sold. As a chapter 13 debtor does not have standing to proceed under § 363(h), and as the co-owner opposes the sale, there is no relief available to Debtor at this time. The Motion for Reconsideration will be denied.

cc:

US Trustee
Marjorie Joan Wrublik, 8401 Corporate Drive, Suite 420, Landover, MD 20785
Gary F. Weltmann, Esq., 8401 Corporate Drive, Suite 420, Landover, MD 20785
Martin Scott Wrublik,
    (1) 9141 Gracious End Court, #302, Columbia, MD 21045
    (2) c/o Clarksville Auto. Repair and Sales, Inc. 12212 Route 108, Clarksville, MD 21029

**End of Memorandum**